**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**GREENBELT DIVISION**

JOSEPH SUERO,

   Plaintiff,

               Case No.:

vs.

EIS ENTERPRISES LLC, a Maryland
Limited Liability Company, and
MARCELINO E GUEVARA aka Juan
Guevara, Individually,

   Defendants.       /

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, JOSEPH SUERO ("Plaintiff"), by and through the undersigned counsel, and files this Complaint against Defendants, EIS ENTERPRISES LLC, ("EIS."), and MARCELINO E GUEVARA aka Juan Guevara, Individually ("MARCELINO GUEVARA"), (collectively "Defendants"), and states as follows:

  1.  Plaintiff brings his claims pursuant to the Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. §201, et seq., to recover unpaid overtime wages, an additional equal amount in liquidated damages, and to recover reasonable attorneys' fees and costs.   Plaintiff also brings related claims to recover unpaid overtime wages under the Maryland Wage Payment Collection Law ("MWPCL") Md. Code, Lab. & Empl. Art., § 3-501 et seq.  Under the MWPCL, Plaintiff seeks unpaid wages, treble damages, and reasonable attorneys' fees and costs.

## JURISDICTION

  2.  The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331 as these claims arise under 29 U.S.C. §216(b).

  3.  Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair

Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

4.      Venue is proper in this Court because the Plaintiff resides within the District and Defendant maintains business operations within the District.

## PARTIES

5.      At all times material hereto, Plaintiff was, and continues to be, a resident of Frederick County, Maryland.

6.      At all times material hereto, Defendant EIS was, and continues to be, engaged in business in Maryland, doing business in Frederick County.

7.      Based on information and belief, at all times material hereto, Defendant MARCELINO GUEVARA was individual resident of Frederick County, Maryland.

8.      At all times material hereto, MARCELINO GUEVARA owned and managed EIS.

9.      At all times material hereto, MARCELINO GUEVARA regularly exercised the authority to: (a) hire and fire employees of EIS; (b) determine the work schedules for the employees of EIS; and (c) control the finances and operations of EIS.

10.      By virtue of having regularly held and exercised the authority to: (a) hire and fire employees of EIS; (b) determine the work schedules for the employees of EIS ; and (c) control the finances and operations of EIS , MARCELINO GUEVARA is an employer as defined by 29 U.S.C. 201 *et. seq.*

11.      Further, at all times material hereto, MARCELINO GUEVARA was an owner of EIS, acting in EIS's interest in directing the work of Plaintiff.

12.      At all times material hereto, Plaintiff was an "employee" of Defendants within the

meaning of the FLSA, MWHL, and MWPCL.

13.     At all times material hereto, Defendants were "employers" within the meaning of the FLSA, MWHL, and MWPCL.

14.     At all times material hereto, Defendant EIS was, and continues to be, an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by an person" within the meaning of the FLSA.

15.     Based upon information and belief, the annual gross revenue of Defendant EIS is in excess of $500,000.00 per annum during the relevant time periods.

16.     At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

**STATEMENT OF FACTS**

17.     According to its website, EIS "is a full service, Tent Production company helping individuals and organizations across the nation turn any raw space into the exquisite venue of their dreams."

18.     On May 22, 2016, Defendants hired Plaintiff to work as a non-exempt tent installer.

19.     Plaintiff's job duties included setting, installing and uninstalling tents for events.

20.     In most workweeks within the two years preceding the filing of this Complaint, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek.

21.     To the extent he was compensated for his hours, which amounts did not include overtime premiums, Defendants paid Plaintiff bi-weekly.

22.     From approximately May 22, 2016, and continuing through December 22, 2018, Plaintiff regularly worked over forty hours in a workweek.

23.     Defendants failed to compensate Plaintiff at a rate of one and one-half times

Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

24.     Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of (40) hours per week as required by the FLSA, MWHL, and MWPCL.

25.     Defendants have violated Title 29 U.S.C. §207 and MWPCL from at least May 22, 2016, and continuing through December 22, 2018, in that:

a.     Plaintiff worked in excess of forty (40) hours in one or more weeks for the period of his employment with Defendants;

b.     No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per workweek as provided by the FLSA.

26.     Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful, as Defendants knew, or reasonably should have known, that Plaintiff was owed overtime compensation.

27.     Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

28.     Plaintiff filed a claim with the Department of Labor regarding his unpaid overtime in 2018.  The Department of Labor investigated and found that Plaintiff was owed overtime.  Plaintiff is entitled to equitable tolling during the pendency of the Department of Labor's investigation.

## COUNT I
## UNPAID OVERTIME WAGES

29.     Plaintiff realleges and incorporates paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30.     From at least May 22, 2016, and continuing through December 22, 2018, Plaintiff

worked in excess of forty (40) hours per week during one or more weeks of his employment for

which he was not compensated at the statutory rate of one and one-half times Plaintiff's regular

rate of pay.

31.     Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half

times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours.

32.     Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights

under the FLSA.

33.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered

and continues to suffer damages and lost compensation for time worked over forty (40) hours per

week, plus liquidated damages.

34.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to

29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in his favor and against Defendants

for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other

relief deemed proper by this Court.

### COUNT II
### VIOLATION OF MD. WAGE PAYMENT & COLLECTION LAW, MD. CODE LAB. & EMPL. § 3-501 ET SEQ.

35.     Plaintiff realleges and incorporates paragraphs 1 through 28 of the Complaint as if

fully set forth herein.

36.      The MWPCL provides that an employer must pay each employee "at least once

in every 2 weeks or twice in each month." Md. Lab. & Empl. Code § 3-502(a)(1). Upon

cessation of employment, an employer must pay an employee "all wages due for work that the

employee performed before the termination of employment, on or before the day on which the

employee would have been paid the wages if the employment had not been terminated." Id., § 3-505(a).

37.     Wages owed under the MWPCL are defined to include overtime wages.

38.     At all relevant times to this action, Defendants were the "employers" of Plaintiff, within the meaning of Section 3-501.

39.     Defendants violated the MWPCL by knowingly failing to pay Plaintiff all of the overtime wages due to him.

40.     Defendants violated the MWPCL by knowingly failing to pay Plaintiff all wages due for work that he performed between October 2019 through January 2020, when his employment was terminated.  Plaintiff has never been lawfully compensated for the work he performed during this time period.

41.     Defendants' violations of the MWPCL were repeated, willful, intentional, and in bad faith.

WHEREFORE, Plaintiff requests a judgment entered in his favor and against Defendants for his unpaid wages and treble damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.

DATED this 2nd day of September, 2020.

Respectfully Submitted,

/s/ *George G. Triantis*
**GEORGE G. TRIANTIS, ESQ.**
Bar No.: 21254
**MORGAN & MORGAN, P.A.**
201 N. Franklin Street, Suite 700
Tampa, Florida 33602
Telephone: 813-223-5505
Facsimile: 813-257-0572
Email: GTriantis@forthepeople.com